IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **EDDIE L. WILLIAMS** | § | |
| | § | |
| v. | § | NO. 4:24-CV-00750-ALM-BD |
| | § | |
| **APPLE INC.**, *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Eddie Williams, who is proceeding *in forma pauperis*, *see* Dkt. 5, filed a motion to appoint counsel. Dkt. 4. The motion will be denied.

**BACKGROUND**

Williams sued defendants Apple Inc. and Google LLC for allegedly harassing him and treating him "like Big Tech property." Dkt. 1 at 4. He asks for "Big Tech to stop all negative [a]ctions," for all of the data it has collected on him to be returned or deleted, and for a court order "to have evidence removed from current laptop." Dkt. 1 at 4–5.

The civil cover sheet accompanying Williams's complaint, which is a one-page form consisting mostly of checkboxes, Dkt. 1-1, shows a checkmark next to "U.S. Government Plaintiff" in the jurisdiction section. It appears that Williams originally checked off diversity jurisdiction but crossed out that selection and initialed the change. The cover sheet also lists as the nature of the suit 12 U.S.C. § 3410, a statute that provides "a limited means by which bank customers can shield their financial records from government scrutiny." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 876 (5th Cir. 1989). And it describes the cause of action as "consumer [l]aw," with "12 USC 3410" handwritten next to the words "cause of action." Dkt. 1-1 at 1.

**LAW**

Under 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (formerly § 1915(d), *see* n. to 1996 amendment). In cases discussing appointment of counsel under

that statutory language, courts frequently rely on the test announced in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) (citing former § 1915(d)). And although *Ulmer* involved a 42 U.S.C. § 1983 claim, it has been applied in other contexts as well. *See, e.g.*, *Snowton v. United States*, No. 3:18-CV-2900-S-BN, 2018 WL 11432673, at *1 (N.D. Tex. Nov. 2, 2018) (Federal Tort Claims Act); *Roberson v. McDonald Transit Ass'ns, Inc.*, No. 3:16CV162-MPM-RP, 2017 WL 10543302, at *1–2 (N.D. Miss. Jan. 24, 2017) (gross negligence); *Cap. Income & Growth Fund, LLC v. Franklin*, No. 3:15-CV-1985-L, 2016 WL 7732237, at *1 (N.D. Tex. Dec. 20, 2016) (judicial foreclosure), *report and recommendation adopted*, 2017 WL 106851 (N.D. Tex. Jan. 11, 2017); *Sussman v. Fin. Guards, LLC*, No. 15-02373, 2016 WL 5073105, at*2 (E.D. La. Sept. 20, 2016) (Computer Fraud and Abuse Act, Lanham Act, Louisiana Uniform Trade Secret Act, Louisiana Unfair Trade Practices Act, and conversion); *Jemison v. CitiMortgage, Inc.*, No. CV 4-13-2475, 2013 WL 12140971, at *1 (S.D. Tex. Oct. 7, 2013) (mortgage foreclosure). The court likewise applies *Ulmer* here.

According to *Ulmer*, the court should appoint an attorney only when the case presents exceptional circumstances. 691 F.2d at 212. To determine whether there are exceptional circumstances, the court considers

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 213 (citations omitted). "The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant[s] as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

# DISCUSSION

## I. The Absence of Exceptional Circumstances Under the *Ulmer* Factors

### A. The type and complexity of the case

The complexity of the case is unclear at this stage, given that the court does not have any briefing from Williams and the defendants have not yet been served. This factor weighs neutrally.

### B. Williams's ability to adequately present his case

Williams has previously attempted to sue Apple and Google in this court. No. 4:20-CV-00685-ALM-KPJ (E.D. Tex.). He filed a complaint, an amended complaint, and several motions. *Id.*, Dkts. 1, 3, 4, 5, 26, 29, 33. He did not cite any law in those motions, however. Nor did he remedy the deficiencies in his pleading that were identified by the court, which resulted in his claims being dismissed for lack of subject-matter jurisdiction. *See id.*, Dkts. 23, 25, 34, 36. This factor weighs neutrally.

### C. Williams's ability to adequately investigate

Williams complains of issues related to his devices. Because he has access to those devices, he is adequately positioned to investigate his claim. In fact, he has already collected evidence in support of his current claim, *see* Dkt. 1 at 4, and he has previously collected and attempted to submit photographs of his devices and copies of his records as evidence of past claim, *see* No. 4:20-CV-00685-ALM-KPJ (E.D. Tex.), Dkts. 22-1, 29-1, 33-1. This factor weighs against Williams's present motion.

### D. The nature of the evidence

Discovery would presumably reveal additional evidence, such as company policies, that might be relevant to Williams's claims. At this stage, however, the court cannot know whether the evidence will ultimately consist in large part of conflicting evidence, so this factor weighs neutrally. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (noting that its "review of the record indicates that the evidence will consist primarily of official records and other documentary

type evidence" but stating that it could not yet say whether the evidence would consist in large part of conflicting testimony).

## II. That Counsel Would Provide Service Does Not Change the Result at This Stage

In almost every case, the appointment of counsel would be a service to the plaintiff, the court, and the defendants because a lawyer is trained in the law and in courtroom procedure and can therefore sharpen the issues in the case, shape the examination of witnesses, and shorten trial. This case, however, does not currently present any exceptional circumstances that would amplify the benefit of that service. *See Byrd v. Lindsey*, 736 F. App'x 465, 467 (5th Cir. 2018) (affirming the district court's finding that the movant's alleged mental illness was not an exceptional circumstance that warranted the appointment of counsel); *cf. Naranjo v. Thompson*, 809 F.3d 793, 798, 800 (5th Cir. 2015) (finding that the district court did not clearly err in finding exceptional circumstances when the movant "was barred from viewing and responding to discovery that [the] defendants had filed under seal due to security concerns"). If Williams's complaint were to survive a motion for summary judgment, the court would entertain another motion for appointment of counsel at that stage.

## CONCLUSION

It is **ORDERED** that the motion, Dkt. 4, is **DENIED**.

So **ORDERED** and **SIGNED** this 27th day of March, 2025.

_____
Bill Davis
United States Magistrate Judge